# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

MONGER FAMILY LIMITED PARTNERSHIP
a Colorado limited partnership,

    Plaintiff,

v.

PETER J. SCULLY, an individual; UNITED WHOLESALE MORTGAGE, LLC D/B/A United Wholesale Mortgage, a Michigan limited liability company; KARL D. KJOLHEDE and SUSAN B. KJOLHEDE, individuals; WELLS FARGO BANK, N.A., a national banking association, and THE PUBLIC TRUSTEE OF THE COUNTY OF ROUTT, COLORADO.

    Defendants.

## COMPLAINT

Plaintiff Monger Family Limited Partnership ("MFLP"), by and through its attorneys, brings this action against Peter J. Scully, United Wholesale Mortgage, LLC, Karl D. Kjolhede, Susan B. Kjolhede, Wells Fargo Bank, N.A., the Public Trustee of the County of Routt, Colorado, Yampa Valley Electric Association, and all unknown persons who may claim an interest in the real property that is the subject matter of this action (the "Defendants") and alleges as follows:

## NATURE OF THE COMPLAINT

1. For over 100 years, MFLP and the ancestors of the Monger family have used a road that crosses the properties owned by Defendants Scully and Kjolhede to access a ranch now owned by MFLP for which there is no other means of access. Recently, Defendants Scully and Kjolhede disputed the scope of MFLP's right to use the road. MFLP seeks a declaratory judgment of MFLP's right-of-way or (in the alternative) easement to use the road for all purposes of a public road.

## PARTIES, JURISDICTION, AND VENUE

2. MFLP is a Colorado limited partnership with its principal place of business in Colorado and is the owner of Tract 111 in Sections 24 and 25 and Lots 5, 6 and 7 in Section 25; Township 7 North, Range 86 West and Lot 4 and E1/2SW1/4 of Section 19; and Lots 1 and 2 of Section 30, Township 7 North, Range 85 West, located in Routt County, Colorado ("Monger Ranch").

3. Defendant Peter J. Scully is a resident of Colorado and is the owner of Tract 109, Section 24, Township 7 North, Range 86 West, County of Routt, Sate of Colorado ("Scully Parcel").

4. Defendants Routt County Public Trustee and United Wholesale Mortgage LLC, a Michigan limited liability company doing business in the State of Colorado, may claim an interest in the subject matter of this action under the Deed of Trust executed by Defendant Scully and recorded on July 16, 2019 at Reception No. 801164 in the real property records of Routt County Colorado.

5. Defendants Karl D. Kjolhede and Susan B. Kjolhede are residents of Colorado and are the owners of the SE1/4SE1/4 of Section 23, Township 7 North, Range 86 West, County of Routt, Sate of Colorado ("Kjolhede Parcel").

6. Defendants Routt County Public Trustee and Well Fargo Bank, N.A. may claim an interest in the subject matter of this action under the Deed of Trust executed by Defendants Kjolhede and recorded on June 13, 2013 at Reception No. 738880 in the real property records of Routt County Colorado.

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's related claims under state law.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because all Defendants reside or conduct business in Colorado and the property at issue is located in Colorado.

## FACTUAL BACKGROUND

9. Access to the Monger Ranch was and still is provided by a road (the "Monger Access Road") which runs its course from its connection to Routt County Road 46 (a road maintained by Routt County) eastward for approximately three quarters of a mile across the Kjolhede Parcel and the Scully Parcel to the eastern border of a parcel ("BLM Parcel") owned by the Bureau of Land Management ("BLM"). *See* Parcel Map, attached hereto as **Exhibit A**. MFLP holds a grazing permit on the BLM Parcel. Access across the BLM Parcel to the Monger Ranch is not in dispute and is not part of the subject matter of this action. This action is **not** filed to quiet title to an estate or interest claimed by the United States under the Quiet Title Act 28 U.S.C. 2409a. This action only involves MFLP's right to use that portion of road as constructed across the lands owned by Defendants Scully and Kjolhede and which is referred to herein as the Monger Access Road.

10. In 1902, the State of Colorado (the State Board of Land Commissions) was issued a serial patent for many parcels in Routt and Moffat Counties, including the Kjolhede Parcel.

11. Sometime in about 1907 or 1908, William Hardy made entry on to the public domain and established a homestead on what would become part of the Monger Ranch and, on information and belief, started using the Monger Access Road for access to his homestead.

3

12. In July of 1908, a petition was presented to the Routt County Board of Commissioners to propose the dedication of a right of way to Routt County for a new road to be constructed to be called "Trull Creek Road" across the Kjolhede Parcel, the Scully Parcel, the BLM parcel, the Monger Ranch and other lands further to the east.. The Road Viewers' Report contained a specific metes and bounds legal description of "Trull Creek Road" starting on Deep Creek Road (now Routt County 46) in Section 25 and going through Section 24 to what now the BLM parcel. *See* 1908 Minutes, attached hereto as **Exhibit B**. The map of the proposed "Trull Creek Road" showed the proposed right-of-way being on the north line of Section 25. *See* Trull Creek Road Map, attached hereto as **Exhibit C**. The petition was approved on October 7, 1908.

13. Sometime around 1908 the Monger Access Road was constructed across the Kjolhede Parcel and the Scully Parcel to the BLM parcel.

14. After the road was constructed and continuing for a period exceeding 20 years, the public and one of MFLP's predecessors, William Hardy and his successors, used the Monger Access Road across the Kjolhede Parcel and the Scully Parcel, as constructed, as a public road. Mail was delivered by horse from the east. Children travelled the road to get to a schoolhouse located in the Elk River Valley.

15. During this time period, the Kjolhede Parcel and the Scully Parcel remained in the public domain.

16. On October 28, 1909 a United States patent was issued to William Hardy for the E1/2SW1/4 and Lot 4, Section 19 and Lot 1 of Section 30, T7N, R85W ("Hardy Parcel") which later became part of the Monger Ranch. *See* 1909 Land Patent, attached hereto as **Exhibit D**.

17. On April 9, 1913, the minutes of the Routt County Board of Commissioners stated: "Clerk ordered to notify Road overseers to open the following roads to public travel; The Trull Creek Road, the Lower Cow Creek Road and the Ginter Road." *See* 1913 Minutes, attached hereto as **Exhibit E**.

18. Continuing during this approximate time frame, Adaline M. Monger and John P. Monger entered and established homesteads on lands that would become part of the Monger Ranch. And during this approximate time frame, William Hardy and his successors, Adaline M. Monger and John P. Monger continued using the Monger Access Road across the Kjolhede Parcel and the Scully Parcel, as constructed, as a public road for access to the Monger Ranch for residential and agricultural purposes and the Scully Parcel and the Kjolhede Parcel were still in the public domain.

19. In 1920 and 1928, the United States issued two land patents, one to Adaline M. Monger and one to John P. Monger, for portions of the Monger Ranch. *See* Monger Land Patents, attached hereto as **Exhibit F**.

20. During this approximate time and in particular on May 4, 1921, the Monger Access Road across the Kjolhede Parcel and the Scully Parcel was open and being used by the public, the Monger family and MFLP's predecessors to access the BLM parcel and Monger Ranch for residential and agricultural purposes from what is now known Routt County Road 46. On May 4, 1921, the Kjolhede Parcel and the Scully Parcel remained in the public domain. In 1921, the United States government completed a re-survey of the township. *See* United States Independent Resurvey, and the Supplemental Diagram, adopted August 1, 1922, attached hereto as **Exhibit G**.

Notably, the Resurvey shows (i) the Scully Parcel is labeled on the survey as "vacant public lands", and (2) a "house" and a "barn" located on the Monger Ranch.

21.     William Hardy maintained a cabin on property that became the Monger Ranch. The cabin was occupied as residence at various times. The Monger Ranch at one time had three buildings that were occupied at various times as residences and two barns.

22.     On March 13, 1927, the United States issued a land patent to the predecessor of Defendant Scully that included the land he presently owns. *See* 1927 Land Patent, attached hereto as **Exhibit H**. Just prior to the patent, the Monger Access Road as it exists across lands now owned by Defendant Scully had both been declared as open for public use and were in fact being used by the public and the MFLP's predecessors in interest and the Scully Parcel was in the public domain.

23.     In about 1928 a dispute arose between the farmers and sheep ranchers in the Deep Creek valley and the cattle ranchers in the Elk River valley, principally as a result of free ranging cattle moving up from the Elk River area over Trull Creek Road and into the crop lands in the Deep Creek area and specifically on the Monger Ranch. A suit was even filed for the division of the open range.

24.     In order to fence out the free-range cattle coming up from the Elk River valley, in 1930 a petition to vacate Trull Creek Road was filed with the Board of County Commissioners. The petition was signed by several freeholders, including J. P. Monger, the predecessor of MFLP, and Mrs. W. R. Gray a/k/a Kate Gray, the predecessor in interest of Defendants Kjolhede and Mr. W. R. Gray, the predecessor of Defendant Scully. The petitioners affirmatively represented to the Board of County Commissioners that "there is no lands adjoining this road occupied for farm

and ranch purposes, which will be left without a public road should this highway be abandoned and vacated." *See* 1930 Vacation, attached hereto as **Exhibit I**.

25. The vacation petition was approved March 3, 1930. The petition described the right of way in the vicinity at issue to be vacated as being located along the "N. line of Section 25." The vacation ordinance did not include the metes and bounds description of the Monger Access Road right of way in Sections 26 and 24 that were contained in the documents under which the right of way was created.

26. Continuing after March 3, 1930 for a period exceeding 18 years, MFLP's predecessors and MFLP used the Monger Access Road, as constructed across the Kjolhede Parcel and the Scully Parcel, for access to the BLM Parcel and the Monger Ranch for residential and agricultural purposes.

27. On January 23, 1937, Kate Gray a/k/a Mrs. W. R. Gray received a deed signed by A. R. Brown for the Kjolhede Parcel.

28. Continuing after January 23, 1937 for a period exceeding 18 years, MFLP's predecessors and MFLP used the Monger Access Road, as constructed across the Kjolhede Parcel and the Scully Parcel, for access to the BLM Parcel and the Monger Ranch for residential and agricultural purposes.

29. On May 6, 1980, the State of Colorado recorded a patent for the lands now owned by Defendants Kjolhede to A. R. Brown.

30. Continuing after May 6, 1980 for a period exceeding 18 years, MFLP's predecessors and MFLP used the Monger Access Road as constructed across the Kjolhede Parcel for access to the BLM parcel and the Monger Ranch for residential and agricultural purposes.

31. Defendants Kjolhede acquired the Kjolhede Parcel in 1999.

32. In 2019, MFLP entered into a contract to sell the Monger Ranch to a group of family members. The purchase price is to be paid in part by public funding of a conservation easement. As a condition to granting a conservation easement, the Monger Ranch must have access to a public road.

33. Also in 2019, Defendant Scully acquired the Scully Parcel across which the Monger Access Road is located. Beginning in 2020, Defendant Scully objected to the Plaintiff's use of Monger Access Road and has asserted that the Mongers may only use the road for agricultural purposes. Their assertions have prevented the conservation easement transaction.

34. Public rights of way in Routt County, including those created under 43 U.S.C. § 932 ("RS 2477"), are commonly sixty feet wide. As such, MFLP's easement over the Scully's property should be at least sixty feet wide.

## COUNT I – DECLARATORY JUDGMENT 43 U.S.C. § 932

35. MFLP incorporates by reference the allegations contained in the paragraphs set forth above as if fully set forth herein.

36. This claim is brought pursuant to 28 U.S.C. §§ 2201 and 2202 and F.R.C.P. 57 to determine and declare the rights, obligations and status of the parties under RS 2477.

37. There are current and ongoing disputes between MFLP and the Defendants concerning whether the Monger Access Road is a public road under federal law. MFLP takes the position that the Monger Access Road is a public road pursuant to RS 2477 whereas the Defendants assert that it is not and that the Monger Access Road can only be used for agricultural purposes.

38. RS 2477, prior to its repeal in 1976, stated: "[T]he right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." *repealed by* Pub. L. No. 94–579, Title VII, § 706(a), 90 Stat. 2793 (1976). The grant is self-executing and comes into existence automatically if a public highway is established across public land in accordance with the laws of Colorado. The grant may be accepted by either some positive act on the part of public authorities or a public user for such period and under such conditions as to indicate that the grant had been accepted. The use may be by anyone who has occasion to travel over the public lands and if the use be by only one, it suffices. A road may be a highway though it reaches but one property owner.

39. Prior to the recording of the initial patent for the Scully Parcel on March 13, 1927, the Monger Access Road had been constructed and was in use by the public and by the MFLP predecessors as a public user.

40. Title to the lands underlying the Monger Access Road and Routt County Road 46, in the locations as they existed prior to March 13, 1927, were held by the United States and the Colorado State Board of Land Commissioners and were in the public domain over public lands not reserved for public uses.

41. On or prior to May 4, 1921, MFLP's predecessors accepted the RS 2477 offer to accept a right-of-way for the Monger Access Road for public uses by the use of the road in the manner required under the laws of the State of Colorado.

42. The Monger Access Road was established as a public road pursuant to Colorado law under CRS § 43-2-201(1) which states: "The following are declared to be public highways: … (c) All roads over private lands that have been used adversely without interruption or objection

on the part of the owners of such lands for twenty consecutive years"… (e) All roads over the public domain." At the time the Monger Access Road was constructed and being used by the public and MFLP's predecessors, the Kjolhede Parcel and the Scully Parcel were at that time in the public domain. To the extent that the Kjolhede Parcel was private lands when the deed from A. R. Brown to Kate Gray was recorded, the Monger Access Road across the Kjolhede Parcel (i) was used by the public and MFLP's predecessors under a claim of right in a manner adverse to Kate Gray's interests and was uninterrupted for 20 years and (ii) Kate Gray had actual or implied knowledge of the public's use and made no objection.

43. The Monger Access Road was also established as a public road pursuant to Colorado law under CRS § 43-1-202 which states "All roads and highways which are, on May 4, 1921, by law open to public traffic shall be public highways." As evidenced by the Resurvey completed in 1921 and the minutes of the Board of County Commissioners on April 13, 1913, the Monger Family Road across the Kjolhede Parcel and the Scully Parcel was open to public traffic on May 4, 1921. Monger Road was open to public use by law under both RS 4277 and under CRS § 43-1-201(1)(e).

44. The Monger family as a public user, as well as other members of the public, accepted the RS 2477 offer of dedication to use the Monger Access Road as a public road to access both the Monger Family Ranch and the parcel owned by the BLM.

45. The county's vacation of Trull Creek Road did not vacate the MFLP's right-of-way on the Monger Access Road.

46. MFLP is entitled to the Court's determination and declaration that MFLP is entitled to use a sixty-foot wide right-of-way across the Kjolhede Parcel and the Scully Parcel in the

location of the Monger Access Road for access to the Monger Ranch and the BLM parcel for all uses available for a public road.

### COUNT II DECLARATORY JUDGMENT IMPLIED EASEMENT BY FEDERAL LAW

47. MFLP incorporates by reference the allegations contained in the paragraphs set forth above as if fully set forth herein.

48. This claim is brought pursuant to 28 U.S.C. §§ 2201 and 2202 and F.R.C.P. 57 to determine and declare the rights, obligations and status of the parties under federal law.

49. There are current and ongoing disputes between MFLP and the Defendants concerning whether the MFLP has an implied easement to use the Monger Access Road under federal law. MFLP takes the position that, pursuant to federal common law, MFLP has an easement by necessity to the Monger Access Road that grants MFLP the right to use the Monger Access Road as a public road. Defendants disagree that MFLP has such an easement.

50. Immediately prior to the issuance of the serial patent for the Kjolhede Parcel by the United States to the State of Colorado in 1902, all of the lands the subject matter hereof were owned by the United States and were in the public domain and there was unity of title.

51. Immediately prior to the issuance of the patent by the United States to Mr. Hardy for the Monger Ranch, the Scully Parcel and the Hardy Parcel were owned by the United States and were in the public domain and there was unity of title.

52. Immediately prior to the issuance of the 1920 patent to the Monger family, the Scully Parcel was owned by the United States and there was unity of title.

53. By federal law and by implied Congressional intent, no parcel patented by the United States should be landlocked by other lands still in the public domain.

11

54. The inferred intent of the parties is determined by the circumstances surrounding the transaction. The existence of the Monger Access Road at the time the patents were issued is sufficient circumstances to infer the parties' intent that the Monger Ranch was to have access across the same road over which the County had accepted a right of way under RS 2477.

55. The only practical means of access to the Monger Ranch is the Monger Access Road. Strict necessity is not required.

56. As a result of the county vacation of Trull Creek Road, the Monger Ranch would have been landlocked unless an implied easement existed. Under these circumstances an implied easement should be deemed to have existed at the time the patents were issued across the Monger Access Road for all purposes for which Trull Creek Road could have been used as a public road. This result is supported by the statements made by the petitioners in the vacation proceeding that the Monger Ranch would still have access to a public road after the vacation.

57. MFLP is entitled to the Court's determination and declaration that a sixty-foot wide implied easement exists across the Kjolhede Parcel and the Scully Parcel on the Monger Access Road for access to the Monger Ranch and BLM parcel for all uses available for a public road.

## COUNT III DECLARATORY JUDGMENT EASEMENT BY ESTOPPEL

58. MFLP incorporates by reference the allegations contained in the paragraphs set forth above as if fully set forth herein.

59. This claim is brought pursuant to 28 U.S.C. §§ 2201 and 2202 and F.R.C.P. 57 to determine and declare the rights, obligations and status of the parties under Colorado law.

60. There are current and ongoing disputes between MFLP and the Defendants concerning whether MFLP has an easement to use the Monger Access Road as a public road.

61. In the petition filed with the county in 1930, the petitioners, including Mrs. W. R. Gray a/k/a Kate Gray and Mr. W. R. Gray the Defendants' predecessors in title, agreed that each owner would have access to a public road after the vacation of Trull Creek Road.

62. In reliance upon that agreement, MFLP's predecessors consented to the petition with the understanding that the Monger family would have public access to the Monger Family Ranch.

63. After the vacation, the owners of the Kjolhede Parcel and the Scully Parcel knowingly permitted MFLP's predecessors to continue to use the Monger Access Road as a public road under circumstances in which it was reasonable to foresee that MFLP's predecessors and users would substantially change position believing that the permission would not be revoked.

64. Through the actions of Defendants' and MFLP's predecessors, an easement was created across the Kjolhede Parcel and Scully Parcel on the Monger Access Road for access to the Monger Ranch and BLM parcel.

65. MFLP's predecessors substantially changed their position by allowing the vacation and the continued use of the Monger Access Road in reasonable reliance on their agreement with prior owners and the understanding and belief they had legal entitlement and permission to use Monger Access Road for all public road purposes.

66. Injustice can be avoided only by the establishment of a servitude.

67. Plaintiff is entitled to the Court's determination and declaration that MFLP has a 60-foot wide easement by estoppel over that portion of the Kjolhede Parcel and the Scully Parcel in the location of Monger Access Road for access to the Monger Ranch and BLM for all uses of a public road.

## COUNT IV – DECLARATORY JUDGMENT PRESCRIPTIVE EASEMENT

68. MFLP incorporates by reference the allegations contained in the paragraphs set forth above as if fully set forth herein.

69. This claim is brought pursuant to 28 U.S.C. §§ 2201 and 2202 and F.R.C.P. 57 to determine and declare the rights, obligations and status of the parties under Colorado law.

70. There are current and ongoing disputes between MFLP and the Defendants concerning the extent to which MFLP may use the Monger Access Road.

71. MFLP and/or its predecessors continuously used the Monger Access Road across Kjolhede Parcel and the Scully Parcel for residential and agricultural purposes for the prescription period, including the period commencing with the vacation of Trull Creek Road, and their use was open or notorious and was either adverse or pursuant to an attempted but ineffective grant, the reservation in the vacation ordinance.

72. MFLP is entitled to the Court's determination and declaration that a prescriptive easement exists across that portion of the Kjolhede Parcel and the Scully Parcel in the location of Monger Access Road for access to the Monger Ranch and BLM parcel for residential and agricultural purposes.

## PRAYER FOR RELIEF

Wherefore, Monger requests the following relief:

A. Declaratory judgment that MFLP is the owner of a sixty-foot wide right-of-way or easement across the Kjolhede Parcel and the Scully Parcel, centered on the road as it exists, for access to the BLM Parcel and the Monger Ranch for all uses permitted for a public road, including utilities.

B.	Such other relief as the Court may deem proper.

Respectfully submitted this 27th day of April, 2021.

         SHERMAN & HOWARD L.L.C.

         *s/ Jessica J. Arett*
         Alan M. Keeffe
         Jessica J. Arett
         675 Snapdragon 350
         Steamboat Springs, CO 80487
         Telephone:	(303) 297-2900
         Fax:	(303) 298-0940
         Email:	akeeffe@shermanhoward.com
         Email:	jarett@shermanhoward.com

         *Attorneys for Plaintiff Monger Family Limited Partnership*